O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Omaha Steaks International, Inc., a Nebraska Corporation,<br>　　　　　Plaintiff,<br>　v.<br>Anshu Pathak, et al.,<br>　　　　　Defendants. | CV 03-1401 RSWL (RZx)<br><br>**ORDER Re: Plaintiff's Motion to Strike Request for Judicial Notice [161]** |

　　　Plaintiff Omaha Steaks International, Inc.'s Motion to Strike Request for Judicial Notice [161] was set for hearing on July 6, 2011. Having taken this matter under submission on June 29, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

　　　Plaintiff Omaha Steaks International, Inc.'s Motion to Strike Request for Judicial Notice is **GRANTED.**

　　　The Court has the inherent power to control its own docket and strike inappropriate materials. Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc., 146 F.3d

1

1071, 1074 (9th Cir. 1998). As such, the Court may strike from the docket material that is improperly part of the record, such as material that is procedurally improper or that fails to comply with the Court's rules or orders. Jones v. Metro. Life Ins. Co., 2010 U.S. Dist. LEXIS 113219, at *16-18 (N.D. Cal. Oct. 15, 2010).

Plaintiff Omaha Steaks International, Inc. ("Plaintiff") moves to strike from the Court's docket in this proceeding the Judicial Notice of Satisfaction of Judgment re Plaintiff Transfer of Intellectual Property ("Satisfaction of Judgment") [159] filed by Defendant Anshu Pathak ("Defendant") on May 5, 2011. This filing is essentially a request by Defendant that the Court take judicial notice of Defendant's alleged satisfaction of the Judgment rendered against him in this proceeding.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of adjudicative facts only. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court finds that Defendant's Satisfaction of Judgment does not meet the requirements set forth under Federal Rule of Evidence 201(b) in order for the Court to take judicial notice. Specifically, the Court finds that Defendant's Satisfaction of Judgment fails to

comply with the requirements set forth under California Code of Civil Procedure § 724.060 for filing a proper acknowledgment of satisfaction of judgment. See Cal. Code Civ. Proc. § 724.060.  As such, Defendant's filing does not contain adjudicative facts or material capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(b).  Therefore, Defendant's Satisfaction of Judgment is improperly part of the record in this proceeding, and the Court finds that this filing should be stricken.

For the reasons heretofore stated, the Court **GRANTS** Plaintiff's Motion, and hereby orders that document number 159 on the Court's docket in this proceeding, Defendant's Judicial Notice of Satisfaction of Judgment re Plaintiff's Transfer of Intellectual Property, be stricken in its entirety from the records of this proceeding.

DATED: July 21, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge