1

2

3

4

5

6

7               **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10  Omaha Steaks International, )  CV 03-1401 RSWL (RZx)
    Inc.,                       )
11                              )
                   Plaintiff,   )  **ORDER RE: DEFENDANT**
12                              )  **PATHAK'S MOTION TO**
           v.                   )  **RELIEF FROM JUDGMENT**
13                              )  **BASED ON FRAUD ON THE**
                                )  **COURT BY COURT APPOINTED**
14                              )  **COUNSEL MR. GREGORY**
                                )  **NICOLAYSEN AND**
15  Anshu Pathak, et al.,       )  **PLAINTIFF'S COUNSELS**
                                )  [191]
16                 Defendants.  )
                                )
17  _____)

18      Currently before the Court is Defendant Anshu

19  Pathak's ("Defendant Pathak") Motion to Relief from

20  Judgment Based on Fraud on the Court by Court Appointed

21  Counsel Mr. Gregory Nicolaysen and Plaintiff's Counsels

22  [191].  The Court, having considered all papers

23  submitted pertaining to this Motion, **NOW FINDS AND**

24  **RULES AS FOLLOWS:** Defendant Pathak's Motion is **DENIED.**

25                      **I. BACKGROUND**

26  **A.  <u>Omaha Steaks Int'l, Inc. v. Anshu Pathak et al.</u> -**

27      **03-01401-RSWL (RZx)**

28      On September 21, 2004, Plaintiff Omaha Steaks

                              1

1  International, Inc. ("Plaintiff" or "Omaha Steaks")

2  obtained a default judgment for trademark infringement

3  in this Action against Defendants Mark Ihrig and Pathak

4  ("Omaha Steaks I"). Omaha Steaks I, Dkt. # 94.  To

5  date, Defendant Pathak has failed to pay any portion of

6  the monetary judgment ("Omaha Steaks I judgment") and

7  has continuously avoided appearing for judgment debtor

8  examinations to the point that he has been arrested and

9  held for contempt. Id., Dkt. # 169.  More

10  specifically, Defendant Pathak was ordered on November

11  16, 2010 to appear for his judgment debtor examination

12  on November 30, 2010 but failed to appear. Id., Dkt. #

13  145.  On April 5, 2011, the Court set a criminal

14  contempt hearing to address Defendant Pathak's failure

15  to appear and produce documents at the judgment debtor

16  examination. Id., Dkt. # 156.  The Court appointed

17  Gregory Nicolaysen as the criminal appointed counsel

18  for Defendant Pathak at that hearing. Id.  The Court

19  found Defendant Pathak in criminal contempt of the

20  Court's November 16, 2010 order and sentenced Defendant

21  Pathak to thirty days incarceration. Id., Dkt. # 169.

22      On July 3, 2014, Defendant filed the instant Motion

23  to Relief from Judgment Based on Fraud on the Court by

24  Court Appointed Counsel Mr. Gregory Nicolaysen and

25  Plaintiff's Counsels. Id., Dkt. # 191.  Plaintiff

26  filed an Opposition on July 22, 2014 (Id., Dkt. # 195)

27  and Defendant Pathak filed a Reply on August 5, 2014

28  (Id., Dkt. # 196).

**B.  <u>Anshu Pathak v. Omaha Steaks Int'l Inc., et al.</u> -
     <u>10-07054-RSWL (RZx)</u>**

On September 22, 2010, Defendant Pathak initiated a
new matter, <u>Anshu Pathak v. Omaha Steaks Int'l Inc., et
al.</u>, Case No. 10-cv-7054 ("<u>Omaha Steaks II</u>") against
Omaha Steaks in an attempt to set aside the <u>Omaha
Steaks I</u> judgment.  <u>Omaha Steaks II</u>, Dkt. # 1.
Defendant Pathak sought to set aside the <u>Omaha Steaks I</u>
judgment on the ground that Omaha Steaks committed
fraud on the Court because Omaha Steaks had not
obtained registrations for certain specific classes of
goods and services at the time it brought the action
for trademark infringement against Defendant Pathak in
<u>Omaha Steaks I</u>.

Omaha Steaks moved to declare Defendant Pathak a
vexatious litigant in <u>Omaha Steaks II</u> and filed a
Motion for Security and Control.  <u>Id.</u>, Dkt. # 8.  The
Court granted Omaha Steaks' Motion for Security and
Control in part ("the Vexatious Litigant Order"),
deeming Pathak a vexatious litigant.  <u>Id.</u>, Dkt. # 25.
Pursuant to the Vexatious Litigant Order, if Defendant
Pathak decides to file any pleading asserting claims
against Omaha Steaks based on the validity of the
judgment rendered against him in <u>Omaha Steaks I</u> and
Omaha Steaks' alleged fraud on the Court in that
Action, Defendant Pathak is required to submit that
pleading for screening to a judge of this Court as well
as make an initial showing of likelihood of success on

3

the merits in order for the new claim to be filed.  <u>Id.</u>
at 12-13.

Omaha Steaks moved to dismiss <u>Omaha Steaks II</u> on
the ground that Pathak failed to comply with the
Vexatious Litigant Order and for failure to properly
serve the Complaint.  <u>Id.</u>, Dkt. # 29, 42.  Following
Pathak's failure to justify his claims, the Court
dismissed <u>Omaha Steaks II</u>.  <u>Id.</u>, Dkt. # 46.

## II.  LEGAL STANDARD

### A.  <u>Motion for Relief from Judgment or Order under Fed. R. Civ. P. 60(d)</u>

Under Fed. R. Civ. P. 60(d), the Court has the
power to entertain an independent action to relieve a
party from a judgment or set aside a judgment for fraud
on the court.  Fed. R. Civ. P. 60(d)(1), (3); <u>See also</u>
<u>Zone Sports Center Inc. LLC v. Red Head, Inc.</u>, No.
11-cv-00634-JST, 2013 WL 2252016, at *7 (N.D. Cal. May
22, 2013).  In order to prevail on a motion under Fed.
R. Civ. P. 60(d)(3), the moving party must establish
fraud on the court by clear and convincing evidence.
<u>Hsu v. UBS Fin. Servs., Inc.</u>, No. C 11-02076 WHA, 2014
WL 939290, at *3 (N.D. Cal. Mar. 6, 2014) (citing
<u>United States v. Estate of Stonehill</u>, 660 F.3d 415, 443
(9th Cir. 2011)).

The Ninth Circuit has held that fraud on the court
embraces "only that species of fraud which does or
attempts to, defile the court itself, or is a fraud
perpetuated by officers of the court so that the

4

judicial machinery can not perform in the usual manner
its impartial task of adjudging cases that are
presented for adjudication." In re Intermagnetics Am.,
Inc., 926 F.2d 912, 916 (9th Cir. 1991). "Fraud on the
court should be read narrowly, in the interest of
preserving the finality of judgments." Latshaw v.
Trainer Wortham & Co., Inc., 452 F.3d 1097, 1104 (9th
Cir. 2006) (quoting Toscano v. Comm'r of Internal
Revenue, 441 F.2d 930, 934 (9th Cir. 1971)). As such,
the Ninth Circuit places a "high burden on a plaintiff
seeking relief from a judgment based on fraud on the
court." Id. Courts have noted that the fraud must
involve egregious conduct that attacks the judicial
machinery itself, such as the existence of an
"unconscionable plan or scheme . . . designed to
improperly influence the court in its decision" (Id.
(quoting Abatti v. Comm'r of Internal Revenue, 859 F.2d
115, 118 (9th Cir. 1988)), or conduct by an adverse
party that effectively prevented the losing party from
fully and fairly presenting his case or defense (Keys
v. Dunbar, 405 F.2d 955, 957-58 (9th Cir. 1969).

### III.  ANALYSIS

On balance, the Court **DENIES** Defendant Pathak's
Motion.  The Court entered a Vexatious Litigant Order
in Omaha Steaks II against Defendant Pathak in which
the Court deemed Pathak a vexatious litigant.  Omaha
Steaks II, Dkt. #25 at 7, 10.  As part of its
reasoning, the Court recognized that Defendant Pathak

5

1 had a demonstrated history of filing unmeritorious

2 filings, repeatedly re-litigating, or attempting to re-

3 litigate *in propria persona* the validity of the <u>Omaha</u>

4 <u>Steaks I</u> judgment.  <u>Id.</u> at 5.  The Court also

5 recognized that Defendant Pathak attempted to evade the

6 <u>Omaha Steaks I</u> judgment and failed to cooperate with

7 Plaintiff and the Court in the enforcement of that

8 judgment.  <u>Id.</u> at 10.

9     The Court also clarified in a subsequent order that

10 the Vexatious Litigant Order was to apply to "any new

11 and future actions initiated by [Defendant Pathak] in

12 which the claims against [Plaintiff] are based on the

13 validity of the Judgment rendered against him in [<u>Omaha</u>

14 <u>Steaks I</u>]."  <u>Omaha Steaks II</u>, Dkt. # 42 at 4.

15     Defendant Pathak filed the present Motion on July

16 3, 2014, again challenging the <u>Omaha Steaks I</u> judgment

17 on the ground that Plaintiff, counsel for Plaintiff and

18 Mr. Nicolaysen committed a fraud on the Court.  The

19 Court finds that this Motion falls within the purview

20 of the Vexatious Litigant Order in <u>Omaha Steaks II</u>.

21 <u>See Omaha Steaks II</u>, Dkt. # 42 at 4.  Indeed, the

22 present Motion represents the very ills against which

23 the Vexatious Litigant Order is designed to guard

24 against, namely, Defendant Pathak's attempts to evade

25 enforcement of the <u>Omaha Steaks I</u> judgment and his

26 repeated attempts to re-litigate the validity of that

27 judgment.  <u>See Omaha Steaks II</u>, Dkt. # 25 at 12.

28

1   The Court explicitly stated in its Vexatious
2   Litigant Order that if Defendant Pathak files any
3   pleading challenging the validity of the <u>Omaha Steaks I</u>
4   judgment based on a fraud on the Court, Defendant
5   Pathak is required to submit the instant Motion to the
6   Court for screening before filing and make an initial
7   showing of likelihood of success on the merits in order
8   for the new claim to be filed.  <u>See</u> <u>Omaha Steaks II</u>,
9   Dkt. # 25 at 12-13.  However, Defendant Pathak did not
10  submit the instant Motion to the Court for screening
11  before filing, nor did he make any initial showing of a
12  likelihood of success on the merits.  Without such,
13  Defendant Pathak undercuts the explicit purpose of the
14  Vexatious Litigant Order.  On this basis, therefore,
15  the Court **DENIES** Defendant Pathak's Motion.
16      Furthermore, even construing the instant Motion as
17  an attempt to show an initial likelihood of success on
18  the merits in this Action, the Court finds that
19  Defendant Pathak has failed to establish an initial
20  likelihood of success on the merits here.
21      Throughout his Motion, Defendant Pathak alleges:
22  (1) that Plaintiff did not have a valid trademark in
23  the word, "Omaha Steaks" for on-line retail store
24  services featuring food and food related items in
25  International Class 035 in "standard characters" in
26  order to file the trademark infringement action against
27  Defendant Pathak; (2) that Plaintiff did not acquire a
28  trademark right in the phrase "Omaha Steaks;" (3) that

7

1  Plaintiff illegally transferred Defendant Pathak's
2  domain name, "www.omahabeef.com" without a court order;
3  (4) that Plaintiff's counsel stole Defendant Pathak's
4  domain name "omahabeef.com" by making false
5  representations to the domain registrar; and (5) that
6  Mr. Nicolaysen committed fraud on the Court by failing
7  to inform the Court of the above.

8      To support his Motion, Defendant Pathak refers the
9  Court to a series emails between Mr. Nicolaysen and
10 Plaintiff's counsel, Mr. Huber, wherein Mr. Nicolaysen
11 informs Mr. Huber that Defendant Pathak believed that
12 the Omaha Steaks I judgment was paid in full by way of
13 an offset arising out of Plaintiff's "unlawful transfer
14 to its own control of Defendant Pathak's domain name
15 <www.omahabeef.com&rdquo>."  Mot. 12:24-25.

16     On balance, the Court finds that Defendant Pathak
17 fails to meet an initial showing of success on the
18 merits in this Action.  As noted above, the Ninth
19 Circuit places a "high burden on a plaintiff seeking
20 relief from a judgment based on fraud on the court,"
21 Latshaw, 452 F.3d at 1104.  Here, however, the evidence
22 presented by Defendant Pathak does nothing more than
23 show that Mr. Nicolaysen and Mr. Huber consulted
24 through a series of email exchanges to resolve
25 Defendant's criminal contempt hearing.  The emails do
26 not, as Defendant Pathak submits, support that
27 Plaintiff, Plaintiff's counsel, or Mr. Nicolaysen
28 engaged in the allegedly egregious conduct that

8

Defendant Pathak asserts constitutes fraud on the Court and requires the Court to relieve him of the <u>Omaha Steaks I</u> judgment.  The Court further notes that Plaintiff has previously made conclusory statements regarding Plaintiff's alleged fraud on the Court, and the Court has already found that these allegations are without merit or lack supporting evidence.  <u>See</u>, <u>e.g.</u>, <u>Omaha Steaks II</u>, Dkt. # 46 at 4-6.  As Defendant Pathak raises the same arguments again in the instant Motion, which are similarly unavailing, the Court finds that Plaintiff has failed to establish that he has an initial likelihood of success on the merits as required by the Vexatious Litigant Order in <u>Omaha Steaks II</u>.  Thus, the Court **DENIES** Defendant Pathak's Motion.

### IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Pathak's Motion.

**IT IS SO ORDERED.**

DATED: August 12, 2014

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge