1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9      **CENTRAL DISTRICT OF CALIFORNIA**
10
11

| | |
|---|---|
| OMAHA STEAKS INTERNATIONAL INC., | ) CV 03-1401-RSWL-RZx<br>)<br>) **ORDER** re: Defendant's<br>) "Motion to Vacate All<br>) Court Orders Due to Lack<br>) of Federal Question<br>) Jurisdiction" |
| Plaintiff, | |
| v. | |
| ANSHU PATHAK, | |
| Defendant. | |

The Court is in receipt of Defendant Anshu Pathak's ("Pathak") attempted filing in case number CV 03-1401 ("Omaha Steaks I") entitled "Motion to Vacate All Court Orders Due to Lack of Federal Question Jurisdiction" ("Attempted Filing")(see attachment).  Having considered all papers submitted pertaining to the Attempted Filing, the Court **REJECTS** Pathak's Attempted Filing pursuant to the Vexatious Litigant Order entered in case number CV 10-7054, Pathak v. Omaha Steaks Int'l

1

Inc., et al. ("Omaha Steaks II") (ECF No. 25).

## I. RELEVANT BACKGROUND

On September 22, 2004, Plaintiff Omaha Steaks ("Omaha Steaks") obtained a default judgment against Pathak for trademark infringement in Omaha Steaks I ("Omaha Steaks I judgment"). Omaha Steaks I, ECF No. 94. The Ninth Circuit affirmed the Omaha Steaks I judgment, and the judgment was subsequently renewed. Id., ECF Nos. 99, 194.

On September 22, 2010, Pathak initiated Omaha Steaks II in an attempt to set aside the Omaha Steaks I judgment. In Omaha Steaks II, Pathak sought to set aside the Omaha Steaks I judgment on grounds that Omaha Steaks allegedly committed fraud on the Court because Omaha Steaks had not obtained registrations for certain classes of goods and services at the time it brought the action for trademark infringement against Pathak.

Omaha Steaks filed a Motion for Security and Control in Omaha Steaks II, and moved to declare Pathak a vexatious litigant. Omaha Steaks II, ECF No. 8. The Court granted Omaha Steaks' Motion for Security and Control in part ("the Vexatious Litigant Order"), deeming Pathak a vexatious litigant. Id., ECF No. 25. Pursuant to the Vexatious Litigant Order, if Pathak files any pleading asserting claims against Omaha Steaks based on the validity of the Omaha Steaks I judgment or Omaha Steaks' alleged fraud on the Court, Pathak is required to submit the pleading for screening

2

1  by this Court, and must make an initial showing of a
2  likelihood of success on the merits in order for the
3  new claims to be filed.  Id. at 12-13.

## II. DISCUSSION

In this action, Omaha Steaks I, the Court previously found that Pashak's Rule 60(d)(3) Motion for Relief from a Final Judgment [191] fell within the purview of the Vexatious Litigant Order because "the Motion represents the very ills against which the Vexatious Litigant Order is designed to guard against, namely, Defendant Pathak's attempts to evade enforcement of the Omaha Steaks I judgment and his repeated attempts to re-litigate the validity of that judgment."  See Order 6:21-27, ECF No. 198.  The Court denied Pathak's motion because he did not submit the motion to the Court for screening before filing it, and because he did not make an initial showing of a likelihood of success on the merits of the motion.  Id. at 7:9-15.

For similar reasons, the Court **REJECTS** the instant Attempted Filing.  Once again, Pathak did not submit the Attempted Filing to the Court for screening.  Nor does he make an initial showing of a likelihood of success on the merits.

Construing the Attempted Filing liberally, the Court construes Pathak's Attempted Filing as a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) on grounds that the judgment

is void for lack of subject matter jurisdiction. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Pathak's filing alleges that this Court lacks federal question jurisdiction because Omaha Steaks did not prove that it holds registered trademarks to support its trademark infringement and related claims.

Federal jurisdiction extends "to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988).

Here, Omaha Steaks Complaint in Omaha Steaks I states several claims arising under the Lanham Act. The issue of whether Omaha Steaks should ultimately prevail on their Lanham Act claims is not determinative of whether this Court may exercise subject matter jurisdiction over the claims. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case"); see also Bell v. Hood, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by

4

1  the possibility that the averments might fail to state
2  a cause of action on which petitioners could actually
3  recover."). Accordingly, Pashak fails to show a
4  likelihood of success on the merits of his claim that
5  the <u>Omaha Steaks I</u> judgment is void for lack of subject
6  matter jurisdiction. Without showing a likelihood of
7  success on the merits, Pathak undercuts the explicit
8  purpose of the Vexatious Litigant Order. On this
9  basis, the Court **REJECTS** the Attempted Filing.
10 **IT IS SO ORDERED.**

12 DATED: August 4, 2016       <u>s/RONALD S.W. LEW</u>
13                             **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge